## No. 109
LEVINSON v. JASKULEK et

Ohio Appeals, 1st Dist., Hamilton Co.

No. 3011. Decided Nov. 8, 1926

1002. RECEIVERS—Where vendees, vendor and creditors of vendor, contract that vendees must pay a certain amount of money per week to a trustee for the creditors and that if there was a default of four weeks, the creditors had the right to demand payment in full of the vendor, an roder of the court appointing a receiver, where a default occurs, and where vendees abandon the business, to take charge for the purpose of preventing dissipation of the property, is justifiable under 11894-1 GC.

First Publication of this Opinion

HAMILTON, J.

It seems that Samuel Levinson, d.b.a. the

Wyandotte Cigar Co., was indebted to Jasku-
lek & Co. in the sum of $2494.69 for merchan-
dise sold and delivered; and that at this time
Levinson desired to transfer the business to
Gus Jacobs and Wm. Sanning, and a written
contract was entered into between the parties
and acquiesced in by Jaskulek & Co., whereby
the business was transferred and Jacobs &
Sanning were to pay H. C. Bolsinger as trustee
for Levinson's creditors, $76.85 per week; that
in default of four weekly payments the credi-
tors were entitled to demand full payment
and Levinson was not to be relieved of any of
the debts.

Some payments were made to the trustee
and then followed a default of more than four
weeks. Jaskulek filed a petition in the Hamil-
ton Common Pleas asking to have a receiver
appointed for the reason that Jacobs & San-
ning had abandoned the business and that un-
less a receiver took charge, the property would
become dissipated and diminished.

A receiver was appointed, but Levinson ob-
jected to the appointment and prosecuted er-
ror claiming there was no authority for the
appointment under the facts and the law. The
Court of Appeals held:

1. Levinson claims that Jaskulek et. al.
were simply contract creditors without lien or
title to the property and had no right to inter-
fere with the debtor's possession, by the ap-
pointment of a receiver.

2. Conceding this to be the general rule,
it has no application to the instant case, for
the facts, as stated in the petition, show Jas-
kulek to have some interest in the contract or
sale of the property.

3. Jaskulek et were to receive so much per
week out of the operation of the business and
the trustee was appointed on behalf of the
creditors to receive these payments.

4. The contract further provided that the
creditors could demand payment in full from
Levinson upon a default of four weeks.

5. The facts that the parties had abandoned
the contract and the business and that the
property would be dissipated are sufficient
facts to justify the court in appointing a re-
ceiver under 11894 subsection 1 GC.

Motion to stay proceeding overruled and
judgment affirmed.

(Buchwalter, PJ., and Cushing, J., concur.)

Attorneys—Simeon M. Johnson for Levin-
son; Cohen, Mack & Hurtig for Jaskulek; all
of Cincinnati.